UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

KATHERINE FRETZ               :
                                      :

        Plaintiff,          :

    -v-                        :          **COMPLAINT**
                                        :

THE CITY OF NEW YORK,     :          **JURY TRIAL DEMANDED**
POLICE OFFICER SHAHRUKH REHAN,  :
                                      :          24-cv-2831

        Defendants.      :

-------------------------------------------------------X

      Katherine Fretz ("Plaintiff"), by and through her counsel, Cody Warner, P.C., states and alleges as follows against The City of New York ("Defendant City") and Police Officer Shahrukh Rehan ("Defendant Rehan"):

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which Plaintiff asserts the constitutional claim of excessive force against Defendant Rehan pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff asserts analogous claims under New York State Law against Defendant Rehan and against the City of New York under the doctrine of *respondeat superior*.

      2.     Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

      3.     The federal claim in this action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

Jurisdiction for the federal claim is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claim and cause of action.

## JURY TRIAL DEMANDED

5.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all her claims as pleaded herein.

## VENUE

6.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7.     Plaintiff is a resident of Gloucester County, NJ.

8.     Defendant Rehan is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").

9.     Defendant Rehan is sued in his individual and official capacities. At all times mentioned herein, Defendant Rehan acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10.     Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

**NOTICE OF CLAIM**

11.     Plaintiff served a Notice of Claim on Defendant City on September 18, 2023, a date within ninety days of the incident. On December 12, 2023, Defendant City served a demand for a hearing pursuant to General Municipal Law 50-h ("50-h hearing"), to be conducted on March 12, 2024.

12.     Prior to March 12, 2024, counsel for Defendant City asked to postpone the 50-h hearing. Plaintiff's counsel contacted Defendant City's counsel multiple times since the postponement to request that the 50-h hearing be rescheduled. Counsel for Defendant City did not respond.

13.     More than ninety days have elapsed since the service of Defendant City's demand for a 50-h hearing. Plaintiff has not failed to appear at any hearing and has not requested an adjournment or postponement.

14.     This action commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

**STATEMENT OF FACTS**

15.     On June 22, 2023, Plaintiff went to Citi Field in Queens County, New York to attend a concert.

16.     Prior to entering the stadium, Plaintiff was in one of the many parking lots outside of the stadium.

17.     Plaintiff tried to exit the parking lot by walking towards the access point where she had entered the parking lot.

18.     Approximately fifteen NYPD officers were blocking the access point that Plaintiff had used to enter the parking lot.

19.     Plaintiff approached Defendant Rehan and asked him where she should go to exit the parking lot.

20.      Defendant Rehan then aggressively stepped towards Plaintiff.

21.     Plaintiff stepped back and told him that she didn't know where to go and that she had entered the parking lot from that access point.

22.     Defendant Rehan then elbowed Plaintiff.

23.     The force used by Defendant Rehan caused Plaintiff to stumble backwards and fall to the ground.

24.     Plaintiff tried to stop her fall with her left hand, but her head hit the pavement.

25.     Plaintiff briefly lost consciousness.

26.     After she regained consciousness, Plaintiff asked officers to help her because she needed medical attention. Most officers nearby refused to help Plaintiff.

27.     Eventually, an officer helped Plaintiff get evaluated by Emergency Medical Services ("EMS").

28.     Plaintiff vomited while she was evaluated by EMS.

29.     EMS told Plaintiff that she needed to go to the hospital.

30.     Plaintiff did not want to pay for an ambulance ride, so she went to New York Presbyterian Hospital herself.

31.     At New York Presbyterian Hospital, medical staff concluded that Plaintiff suffered a concussion.

32.     After Plaintiff was discharged from New York Presbyterian Hospital, she developed severe and persistent headaches, tinnitus, sleeplessness, drastic weight loss, tearfulness, and recurring flashbacks.

33.     In July 2023, Plaintiff began to attend therapy sessions to help her process what Defendant had done to her, and she was diagnosed with Post-Traumatic Distress Disorder.

34.     In October 2023, after continuing to suffer from debilitating headaches, sleeplessness, and tinnitus, Plaintiff was evaluated at Penn Medicine University City in Philadelphia, Pennsylvania, where doctors concluded that the incident caused Plaintiff to suffer a traumatic brain injury.

35.     Plaintiff currently takes prescribed medications in effort to ameliorate the panoply of issues caused by Defendant's use of force, and she may have to take such medication for the rest of her life.

36.     As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

a.     Deprivation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution;

b.     Deprivation of her rights under the laws and Constitution of the State of New York;

c.     Emotional distress, degradation and suffering;

d.     Physical pain and suffering;

## CAUSES OF ACTION

## FIRST CLAIM

**Excessive Force Under 42 U.S.C. Section 1983**

37.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

38.     By the actions described, Defendant Rehan deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from excessive and unreasonable force.

## SECOND CLAIM

### Assault Under New York State Law

39.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

40.     By the actions described, Defendant Rehan placed Plaintiff in apprehension of imminent and harmful offensive bodily contact.

41.     Defendant City, as employer of Defendant Rehan, is responsible for the wrongdoing under the doctrine of *respondeat superior*.

42.     As a direct a proximate result of the aforementioned conduct, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Battery Under N.Y. State Law

43.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

44.     As detailed above, Defendant Rehan intentionally touched Plaintiff in an offensive and harmful manner, and he intentionally subjected her to offensive and harmful contact.

45.     Defendant City, as employer of Defendant Rehan, is responsible for the wrongdoing under the doctrine of *respondeat superior*.

46.     As a direct a proximate result of the aforementioned conduct, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

a.  An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

b.  An order awarding punitive damages in an amount to be determined at trial;

c.  A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.  Such other and further relief as this Court may deem appropriate.

DATED:      April 16, 2024
            New York, New York

*Cody Warner*
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*